# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| DAVID WHATLEY BELL,            § | |
|          Petitioner,            § | |
|                      § | |
| v.            § | |
|                      § | Civil Action No. 4:07-CV-377-A |
| NATHANIEL QUARTERMAN, Director,            § | |
| Texas Department of Criminal Justice,            § | |
| Correctional Institutions Division,            § | |
|          Respondent.            § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U. S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

## I.  FINDINGS AND CONCLUSIONS

**A.    NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.    PARTIES**

Petitioner David Whatley Bell, TDCJ-ID #0778828, is currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, in Angleton, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division. No process has been issued on Respondent in this case.

**C.  PROCEDURAL HISTORY**

Bell is currently serving a 45-year sentence for his 1997 conviction for aggravated sexual assault of a child in cause number 0621343D in the 371st Judicial District Court of Tarrant County, Texas. (Petition at 2.) Bell sought postconviction relief challenging the conviction, including a previous federal petition for writ of habeas corpus.[1]

**D.  SUCCESSIVE PETITION**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[2] The Court of Appeals for the Fifth Circuit recognized the district courts' authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). From the face of the instant petition and court records of which this court can take judicial notice, it is apparent that this is a successive petition filed without authorization from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)-(3).

---

[1] *See Bell v. Johnson*, CM/ECF, Civil Docket for Civil Action No. 4:99-CV-0197-E.

[2] Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

> Rule 4 of the Rules Governing Section 2254 Cases provides:
>
> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

**Findings, Conclusions and Recommendations
of the United States Magistrate Judge**—Page 2 of 4

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3); *In re Johnson*, 322 F.3d 881, 882 (5th Cir. 2003). Because Bell has not shown he has obtained leave to file a successive petition from the Fifth Circuit Court of Appeals, this court is without jurisdiction to consider the petition. *Id.*; *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

## II. RECOMMENDATION

It is recommended that Bell's petition be DISMISSED pursuant to 28 U.S.C. § 2244(b)(1).

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 3, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 3, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July  13 , 2007.

 /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendations**
**of the United States Magistrate Judge—Page 4 of 4**